# The County of Allegheny *versus* The Cleveland and Pittsburgh Railroad Company.

1. A corporation can have no legal existence out of the bounds of the sovereignty which created it; it must dwell in the place of its creation.

2. A corporation chartered by two states, with the same capacities and powers and intended to accomplish the same objects, exercising the same powers and fulfilling the same duties in both states, is a distinct and separate body in each state.

3. The legal presumption is that the members of a corporation are citizens of the state that created it; and no averment or evidence to the contrary is admissible for the purpose of withdrawing the suit from a court of the United States.

4. A suit by a corporation created by the concurrent legislation of two states, is a suit in which citizens of each state are joined as plaintiffs. If the defendant is a citizen of either of those states, the suit cannot be maintained in the United States courts.

CERTIORARI to the Court of Common Pleas of *Allegheny county.*

In the court below, the County of Allegheny commenced an action of debt against the Cleveland and Pittsburgh Railroad Company to June Term 1865, to recover the sum of $100,000.

On the 3d of June 1865, the defendant presented a petition to the court, setting forth—

1. That it was a corporation created by the laws of Ohio and a citizen of that state, having its principal office in it.

2. That the county of Allegheny is a citizen of the state of Pennsylvania.

3. That the matter in dispute exceeds the sum of $500, exclusive of costs; and prayed that the case might be removed for trial into the Circuit Court of the United States for the Western District of Pennsylvania.

The affidavit of the president of the company, verifying the petition, set forth that the company was organized about October 29th 1845; that by an Act of Assembly of Pennsylvania of April 8th 1850, the company was authorized to extend their railroad into Pennsylvania, and by another act of the same state (April 1st 1853) the counties of Beaver and Allegheny in said state were authorized to subscribe for the stock of the company; that on the 13th of July 1853, the company and the county of Allegheny entered into an agreement, on which this suit is brought.

Whereupon a rule was granted to show cause why the prayer of the petition should not be granted.

The answer sets forth—

1. That the plaintiff is a municipal corporation and citizen of the state of Pennsylvania; that the defendant is a citizen of the same state and a corporation created by an Act of Assembly of April 18th 1853, and by virtue thereof carries on business and has its chief place of business therein.

[County of Allegheny v. Cleveland & Pittsburgh R. R. Co.]

2. That the directors and stockholders of said company are composed of citizens of both states.

The rule was, after argument, discharged July 8th 1865, Mellon, A. J., delivering the following opinion:—

"The case of The Ohio and Mississippi Railroad Co. v. Wheeler, 1 Black's U. S. Rep. 286, as I understand it, rules that a corporation has no corporate existence beyond the limits of the state or sovereignty that created it, and can sue in the United States courts only in virtue of the citizenship of its members, who to that end are taken by indisputable presumption to be of the same state as the corporation; also, that no joint or co-operative legislation of two states can give one and the same corporate body a corporate existence in both, and that where such thing has been attempted the body corporate so created must be regarded as a distinct and separate corporation in each state.

"If this is a correct interpretation, it decides the case under consideration.

"The Pennsylvania Act of 1853, as its title indicates, expressly incorporates the Cleveland and Pittsburgh Railroad Company, which, under the above ruling, must be taken to be a Pennsylvania company. It adopts, it is true, the same enactments by which an Ohio company of the same name had already been chartered in Ohio, but it enacts that they shall be laws of Pennsylvania. It spreads them on our statute-books, and makes every word of them law here, as much so as if transcribed *verbatim* and enacted without reference to their previous use in Ohio to create a similar corporation. In this respect the Cleveland and Pittsburgh Company may be regarded as born in Ohio, but if it was it has become an adopted citizen of Pennsylvania, and as such we must regard it without looking back to its previous or duplicate existence or citizenship elsewhere.

"This view of the case renders it immaterial to consider when the enactment became a law of this state, or when the power of the company was enlarged further to extend their road in this state, as regards the date of the contract sued on. These questions belong to the merits, if material. It is enough for us to know, that at the date of the commencement of this suit a corporation existed by the laws of Pennsylvania under the name and style of the Cleveland and Pittsburgh Railroad Company. Another company, under the same name, with the same officers and members, and for the same object and purposes, may exist in Ohio, but these elements do not make it the same body corporate. It is only the law that vitalizes such artificial being, and that law exists here, and has created it here, and beyond that we do not look. Its twin-brother in Ohio need give itself no concern about which is meant to be sued here. We will claim no jurisdiction in Ohio either for summons or execution, and unless

[County of Allegheny *v.* Cleveland & Pittsburgh R. R. Co.]

by the members having an interest in both, they will not be affected."

*Hamilton & Acheson* and *W. S. C. Otis*, for plaintiff in error.—The habitation of a corporation is the place of its creation, not where its functions are performed: Bank of Augusta *v.* Earle, 13 Peters 512; Ohio and Mississippi Railroad Co. *v.* Wheeler, 1 Black 286. The individuals composing the corporation are by legal presumption citizens of the state which creates it, and no averment to the contrary is admissible for the purpose of withdrawing the suit from the jurisdiction of a United States court: Railroad Co. *v.* Letson, 2 How. 497; Railroad Co. *v.* Wheeler, 1 Black 286. The averment that the stockholders are citizens of Ohio and Pennsylvania, and its place of business is in Pennsylvania, is immaterial. The legal effect of the Act of April 18th 1853, Pamph. L. 471, is not to create the defendant a corporation of this state. That act was in the nature of a *license* to it to extend its road within this state, and exercise its franchises and functions here. The other construction would give it two domicils, and would lead to absurd consequences: Abington *v.* N. Bridgewater, 23 Pick. 170, 177. By the rule in 1 Black 286, the true test of habitation would seem to be the place where it was first created.

If there be two corporations, with which was the contract made? The Ohio corporation was authorized by Act of April 8th 1850, to extend its road into Pennsylvania; this act was repealed April 18th 1853, Pamph L. 473; a previous act of April 7th 1853, Pamph. L. 335, had authorized the counties of Beaver and Allegheny to subscribe to its stock as an Ohio corporation; the contract here sued on was made under this act; and as the Pennsylvania act said to create it a corporation was not passed till afterwards, it cannot be said that the contract was made with a Pennsylvania corporation. The court may hear evidence as to the amount in dispute, but as to citizenship the averment in the petition is conclusive.

*T. H. Shewell* and *G. Shiras, Jr.,* for defendant in error.—The proposition for the contract was made by the plaintiff, July 13th 1853, accepted by the defendant August 23d 1853, and sealed October 18th 1853. The plaintiff declares against a Pennsylvania corporation on a contract entered into months after the incorporation. The Ohio and Mississippi River Railroad Co. *v.* Wheeler rules that a corporation has no existence beyond the limits of the state incorporating it, and that the corporators are by indisputable presumption citizens of the state creating it. A grant of power to perform corporate acts implies a grant of corporate powers: Commonwealth *v.* Pennsylvania Railroad

[County of Allegheny *v.* Cleveland & Pittsburgh R. R. Co.]

Co., 3 Grant 200. The judicial competence of a United States court does not depend upon the *description* of the parties, but on the *fact :* Kilpatrick *v.* Frost, 2 Grant 168 ; Wheeden *v.* Camden and Amboy Railroad Co., 1 Id. 420 ; Gordon *v.* Longert, 16 Peters 103.

The opinion of the court was delivered, January 8th 1866, by

WOODWARD, C. J.—A sharp conflict of opinion upon the citizenship of state corporations prevailed for many years in the Supreme Court of the United States, and finally culminated in what appears to have been an unanimous judgment in the case of The Ohio and Mississippi Railroad Co. *v.* Wheeler, reported in 1 Black 286.

In that case the railroad company claiming to be a citizen of Ohio, had brought suit in the Circuit Court of the United States against Wheeler, a citizen of Indiana, and the question was upon the jurisdiction of the court under the clause of the constitution which gives the Federal courts jurisdiction in controversies between " *citizens* of different states." It appeared that the company had been incorporated by concurrent legislation of the two states of Ohio and Indiana, and that the road ran through both states, but that the principal office and place of business of the company was in Ohio. The residence of the directors and stockholders was not stated in the report. Chief Justice Taney, after a rapid review of the adjudged cases, stated with great clearness the following principles :—

1. That the artificial person or legal entity known to the common law as a corporation, can have no legal existence out of the bounds of the sovereignty by which it was created. It must dwell in the place of its creation.

2. That the corporation in question was chartered by the two states of Ohio and Indiana, by the same name and style, clothed with the same capacities and powers, and intended to accomplish the same objects, and is spoken of in the laws of both states as one corporate body exercising the same powers and fulfilling the same duties in both states ; and yet that it had no legal existence in either state except by laws of the states, and neither state could confer on it a corporate existence in the other, nor add to or diminish the powers there exercised. Therefore, that it was a distinct and separate corporate body in Indiana from the corporate body of the same name in Ohio.

3. That where a corporation is created by the laws of a state, the legal presumption is, that its members are citizens of the state in which alone the corporate body has a legal existence ; and that a suit by or against a corporation in its corporate name, must be presumed to be a suit by or against citizens of the state which created the corporate body, and that no averment or evidence to

[County of Allegheny *v.* Cleveland & Pittsburgh R. R. Co.]

the contrary is admissible, for the purpose of withdrawing the suit from the jurisdiction of a court of the United states.

4. It followed from these principles, that a suit by a corporation created by the concurrent legislation of two states was; in legal contemplation, the suit of the individuals who compose it, and must, therefore, be treated as a suit in which citizens of each state are joined as plaintiffs. If the defendant was a citizen of either of those states, such a suit could not be maintained in the Federal courts where jurisdiction of the case depended altogether on the citizenship of the parties, and, consequently, the plea to the jurisdiction in that case was sustained.

These principles admit of ready application to the case in hand, and decide it at once. The Cleveland and Pittsburgh Railroad Company was first incorporated by the state of Ohio and then by Pennsylvania. It became thus a separate corporation in each state. The legal presumption that results from such legislation is, that the members of the corporation are citizens of both states, and no averment or evidence is to be received to countervail this presumption. The averments and affidavits we have upon the record corroborate the presumption, which, for purposes of jurisdiction, would be conclusive without corroboration. A suit then against this corporation by a citizen of Pennsylvania, is a suit against citizens of Ohio and Pennsylvania who have united themselves in business under the shadow of the corporate name, and because some of the defendants are citizens of the same state as the plaintiff, the Federal courts have not jurisdiction, and the application to certify into that jurisdiction was properly refused.

Affirmed.