12145. HENING & HAGEDORN *v.* GLANTON,·receiver.

JENKINS, P. J. 1. Under the general rule that a corporation as an artificial person must dwell in the state of its creation, and has no legal existence outside of the boundaries of the sovereignty by which it was created (*Union Branch R. Co.* v. *East Tennessee R. Co.*, 14 *Ga.* 327, 328 (9), 341; *Port Royal R. Co.* v. *Hammond*, 58 *Ga.* 523, 526), its incorporators or stockholders as the corporate entity cannot hold meetings in another State for the performance of strictly corporate functions such as accepting the charter and organizing the corporation. Duke *v.* Taylor, 37 Fla. 64 (19 So. 172, 31 L. R. A. 484; 53 Am. St. R. 232); 14 C. J. 112, 343, 886. Hence, the court did not err in refusing to admit in evidence the alleged minutes of the first stockholders' meeting of the defendants, held in North Carolina under their alleged Georgia charter. Moreover, the exclusion of such evidence could not have been prejudicial, as the issue was not as to the existence of the corporation (this being undisputed), but solely whether the defendant dealt with the plaintiff and executed the note sued on as a corporation or as a partnership. Nor could ·the rights of the defendants have been prejudiced by the refusal of the court to admit in evidence the minutes of a meeting of the board of directors of the corporation, of-

fered merely for the purpose of showing its organization, since under the evidence and the charge this was not an issue in dispute.

2. "An admission of liability contained in an offer to settle, brought about by a simple demand for settlement, is not inadmissible on the ground that such admission was 'made with a view to a compromise,' when there is nothing whatever to indicate that there has been an effort to compromise, and when it cannot be inferred from the circumstances under which the offer was made that there has been such an effort." *Teasley* v. *Bradley*, 110 *Ga.* 497 (6), 506 (35 S. E. 782, 78 Am. St. R. 113); *Akers* v. *Kirke*, 91 *Ga.* 590 (3) (18 S. E. 366).

3. The remaining grounds of the motion for new trial, all complaining of substantially the same alleged error manifested in various portions of the charge, are without merit. While, as set forth in the 3d ground of the amendment to the motion, the judge did instruct the jury that if they found the defendant was a corporation, a verdict should be found for the defendant, and if a partnership, then for the plaintiff, still, as conceded by all parties, and as repeatedly and plainly stated throughout the charge (including the language immediately preceding the particular excerpt), the one disputed and controlling issue was whether the maker of the note was dealt with as a partnership or as a corporation, and in which capacity the credit was extended and the note executed.        *Judgment affirmed. Stephens and Hill, JJ., concur.*
                    DECIDED AUGUST 3, 1921.

Complaint; from Troup superior court — Judge Terrell. December 10, 1920.

*Hatton Lovejoy, Henry Reeves, E. T. Moon,* for plaintiffs in error. *A. H. Thompson,* contra.