# FLANNAGAN *v.* CLARK.

No. 17214.   OCTOBER 10, 1950.

*Clarence Bell* and *Noah J. Stone,* for plaintiff in error.
*Saul Blau,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts). ■■■ Headnotes 1 to 4 require no elaboration.

■ By the first ground of the amended motion, error is alleged on the following charge: "She prays the relief of the court, that the contract be rescinded, and that she recover of the defendant the sum of money she alleged she paid, and that the security deed and the notes given by her be canceled." The petition did not specifically pray that the contract be rescinded. It is asserted that so charging the jury was prejudicial to the defendant. She alleged and proved that she was induced to enter into the partnership contract by fraudulent representations; and she prayed for a judgment covering the amount of money which she paid, and for cancellation of the security deed and notes which she executed to cover the balance of the agreed price. Whether a verdict in her favor would automatically cancel the contract need not here be determined. But the mere fact that the court charged that she sought rescission of the contract could not have been prejudicial to the defendant. We are not here concerned with a question where the decree contains something not covered by the pleadings, as the decree here makes no reference to rescission of the contract.

■ The second ground of the amended motion complains of the following charge: "I charge you that suppression of a fact material to be known, and which the party is under an obligation to communicate, constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case." The objection thereto was that there was no pleading or evidence to authorize it. We cannot concur in this contention, as there was evidence to authorize this charge as to suppression of facts.

■ Under the third ground of the amended motion exception

is taken to the following charge: "That in order for the plaintiff to recover, she must show to your satisfaction, by a preponderance of the evidence, the following: 1. That the alleged contract was made; second, that Mr. Flannagan made to her the alleged misrepresentations as to existing facts or promises of future conduct which the promisor, Mr. Flannagan, at that time did not intend to perform." The objection thereto is that there was no pleading or evidence to authorize the charge as to future conduct. There was such evidence, and the ground is not meritorious.

■ Under the fourth and fifth grounds of the amended motion, error is assigned on the admission of testimony. The evidence showed that the deed and notes were delivered on June 7, 1947, that she learned the place could not be used for the purposed business on July 26, 1947, and that the suit was not filed until May 26, 1948. The plaintiff was asked the following question: "Would you tell what transpired between you and Mr. Flannagan, if anything, in regard to your not bringing suit?" Answer: "Mr. Flannagan asked me if I would have patience and wait for a few weeks that he would raise the money and return my money to me. . . He repeatedly told me each time I called him up, and I called him up on an average of once a week up until the period that I started this case. . . He said that he did not have the money, that as soon as he raised it he would give it to me if I would just have patience and wait awhile. That is the reason I did not bring the suit until the time I filed the petition." The objection was: "I object to that on the ground it would be an attempt to compromise, and under the Code section it is not admissible, it's incompetent, irrelevant, and harmful to the defendant. . . [Also] it is a self-serving declaration." This is neither a self-serving declaration, nor a proposition made with a view to compromise under Code § 38-408, but is evidence of an admission of liability. *Teasley* v. *Bradley*, 110 *Ga.* 497 (6) (35 S. E. 782); *McBride* v. *Georgia Ry. & Electric Co.*, 125 *Ga.* 515 (3) (54 S. E. 674); *Hening & Hagedorn* v. *Glanton*, 27 *Ga. App.* 339 (2) (108 S. E. 256). The evidence was admissible to negative laches, under Code § 37-119, by explaining the reason for delay in not proceeding more promptly after the discovery of the misrepresenta-

tions. *Benson* v. *May,* 149 *Ga.* 555 (2) (101 S. E. 177); *Jones* v. *Hogans,* 197 *Ga.* 404 (3) (29 S. E. 2d, 568).

■ Exceptions to the charge of the court in ground six of the amended motion are without merit.

*Judgment affirmed. All the Justices concur, except Almand, J., who is disqualified.*