## Meetings of Insurance Companies' Shareholders

ANTOUN, Deputy Attorney General, and STAHL, Attorney General, December 5, 1962.—We have your request for an opinion as to whether insurance companies incorporated under the laws of the Commonwealth of Pennsylvania may, in the absence of specific statutory authority, hold meetings of stockholders in the case of stock companies, or members in the case of mutual companies, outside the physical boundaries of the Commonwealth of Pennsylvania. You specifically raise the following questions:

1. Must the annual and special meetings of stockholders or members of domestic stock and mutual insurance companies pursuant to article III of the Insurance Company Law of May 17, 1921, 40 PS §421 et seq., be held within the boundaries of the Commonwealth of Pennsylvania?

2. Assuming that such meetings must be held within the boundaries of the Commonwealth of Pennsylvania, must they be held in the city set forth in the insurance company's charter as the location of its principal office?

Section 304 of the Insurance Company Law of May 17, 1921, P. L. 682, as amended, 40 PS §424, provides as follows:

"The annual meeting for the election of directors or trustees of any insurance company shall be held at such time on or before the first day of May as the by-laws of the company may direct; of the time and place of which meeting at least thirty days' previous notice shall be given to the stockholders, or, in the case of a mutual company, to the members, by publication not less than three times in at least two daily or weekly newspapers, and in the legal periodical, if any, designated by the rules of court of the proper county for the publication of legal notices, published in the city or county wherein the company is domiciled."

You will note that section 304 is completely silent as to the place where an annual meeting must be held. The various provisions in the Insurance Company Law of 1921 for special meetings are equally silent as to place of meeting.

At common law, meetings of shareholders of corporations had to be held within the boundaries of the State which created the corporation in the absence of express statutory authority permitting such meetings to be held elsewhere: Fletcher Cyclopedia Corporations, Vol. 5, §2002-3; 13 Am. Jur., Corporations, §474,

Pennsylvania appears to have accepted the general rule in Derry Council, etc. v. State Council of Pennsylvania, etc., 197 Pa. 413, 416, 47 Atl. 208 (1900), where the court said:

"It is true, as a general proposition, that a corporation can have no legal existence beyond the bounds of

the sovereignty that gave it life, and must dwell within the place of its creation: Ohio & Miss. R.R. Co. v. Wheeler, 1 Black 286; County of Allegheny v. Cleveland & Pittsburgh R.R. Co., 51 Pa. 228; Commonwealth v. Standard Oil Co., 101 Pa. 119. It is equally true, as a general rule, that, as the corporation cannot exist beyond the limits of the sovereignty from which it springs, its strictly corporate acts must be performed within such limits: Miller v. Ewer, 27 Me. 509; Smith v. Silver Valley Mining Co., 64 Md. 85; Green's Brice's Ultra Vires, p. 442, note a; Thompson on Corporations, sec. 694 . . ."

The court in discussing the policy of the rule stated that it was designed to protect shareholders from hardship and fraud.

Other jurisdictions have likewise adopted the rule that meetings of shareholders are to be held within the boundaries of the state of incorporation: Harding v. American Glucose Company, 182 Ill. 551, 55 N.E. 577 (1899); Hening and Hagedorn v. Glanton, 27 Ga. App. 339, 108 S.E. 256 (1921).

Turning to Pennsylvania corporate law, we find that section 501, subsec. A, of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852-501, specifically permits the meetings of shareholders of a *business corporation* to be held outside the Commonwealth. However, this act does not apply to any corporation which is subject to the supervision of the Insurance Department: Act of May 5, 1933, P. L. 364, sec. 4, subsec. 3, as amended, 15 PS §2852-4(3).

Thus, although the Legislature has seen fit to depart from the general common law rule with regard to business corporations, it has not indicated an intention to do so with respect to insurance companies organized under the Insurance Company Law.

Section 304 of the Insurance Company Law, while not providing for the place where annual meetings

must be held, does make provision for notice of such meetings. The section provides that notice of the place of the meeting is to be published in the county wherein the company is domiciled. As we are concerned with domestic insurance companies and as the notice of meeting must be published in the county wherein the company is domiciled, it could be maintained that this is some legislative indication that the place of the meeting should be the place of the notice.[1]

It is our opinion, therefore, that annual and special meetings of shareholders or members of domestic stock and mutual[2] insurance companies must be held within the Commonwealth of Pennsylvania.

With regard to the actual situs of meetings, section 328 of the Insurance Company Law of 1921, footnote 1, supra, provides that meetings of shareholders for the purpose of reducing capital stock shall be held at the company's chief office or place of business. No provision is made with regard to the actual situs of annual or other special meetings of shareholders.

It would seem that the situs of such meetings should be the place set forth in the Articles of Agreement pursuant to section 203 of the Insurance Company Law of May 17, 1921, P. L. 682, as amended, 40 PS §383, which provides:

---

[1] Section 328 of the Insurance Company Law of May 17, 1921, P. L. 682, Article III, as amended, 40 PS §451, provides that a meeting of stockholders for the purpose of reducing capital stock shall be held "at its chief office or place of business in this Commonwealth . . .":, and that notice of such meeting shall be published in the county where the chief office or place of business is located. Thus, notice is given in the place where the meeting is to be held.

[2] Fraternal Benefit Societies are excluded under the Act of July 17, 1935, P. L. 1092, sec. 17, 40 PS §1067, and the Act of June 4, 1937, P. L. 1643, sec. 3, 40 PS §1103. These acts provide that Fraternal Societies may hold their meetings in any State where the society has branches.

". . . agreement shall specify . . . (d) The place in which it is to be established or located . . ."

The place of business or location of the company is where the corporate functions are to be performed, the stockholders hold their elections, and the directors manage and direct the business of the corporation: In Re Mann Mining Company of North Carolina, 2 Chester 90 (1877); Fletcher Cyclopedia Corporation, Vol. 5, §2001.

It is our opinion, therefore, and you are advised accordingly that:

1. Annual and special meetings of stockholders or members of domestic stock and mutual insurance companies must be held within the boundaries of the Commonwealth of Pennsylvania.

2. Such meetings are to be held in the city set forth in the insurance company's Articles of Agreement as the location of its principal office.