## 49829. WHITE v. THE FRONT PAGE, INC.

Quillian, Judge.

The plaintiff in the case sub judice sought recovery for personal injuries incurred when she fell in the defendant's place of business. The defendant answered and denied the material allegations of the plaintiff's complaint. The defendant also filed a motion for summary judgment. The motion for summary judgment came on for hearing before a trial judge who considered the plaintiff's deposition, affidavits, and answers to interrogatories. The trial judge entered an order granting the defendant's motion for summary judgment and the plaintiff appeals to this court. *Held:*

"Admissions or propositions made with a view to a compromise, are not proper evidence." Code § 38-408. Neither are voluntary payments made for humanitarian purposes. *Gray v. Delta Air Lines,* 127 Ga. App. 45, 53 (192 SE2d 521). However, absent an effort to compromise, admissions against interest or payments which constitute direct acknowledgment of claims are admissible. *Hatcher v. Bowen,* 74 Ga. 840 (c); *Teasley v. Bradley,* 110 Ga. 497 (6) (35 SE 782). See also *Hening & Hagedorn v. Glanton,* 27 Ga. App. 339 (2) (108 SE 256); *Williams v. Smith,* 71 Ga. App. 632 (31 SE2d 873); *Swanson v. Hodges,* 96 Ga. App. 540, 542 (101 SE2d 212).

The plaintiff's affidavit offered in response to

defendant's motion for summary judgment set out: "That the defendant, The Front Page, Inc., knew that they had negligently maintained its place of business by allowing the hole in the floor which caused plaintiff's fall to remain and not be repaired and that this negligence of defendant was admitted by Don Bush, a corporate officer of defendant, to plaintiff when said Don Bush gave plaintiff a check on June 10, 1972 in payment for a part of her medical expense."

The plaintiff in her deposition also related that at the time of her fall she was told by the manager of the establishment "just go ahead and bring us the bill." She further testified that the defendant paid one medical bill of $25; "they gave me a check . . . when I presented them with the bill."

These statements could be interpreted to mean that the defendant's negligence was admitted by statements and by payment. Moreover, on motion for summary judgment we must construe the evidence in favor of the party opposing the motion, in this case the plaintiff. Hence, the plaintiff's proof constituted a showing that the defendant through its agent admitted negligence, paying $25 as partial reimbursement for medical expenses. See *Wilson v. Wilder,* 23 Ga. App. 30 (97 SE 447), where the defendant stated to the plaintiff that he had damaged the plaintiff's piano and he would pay $100 of the damages and the remainder after finding out what the full amount would be. This was held to constitute an admission. Accord, *Fowler v. State,* 111 Ga. App. 856, 858 (143 SE2d 553).

While certain declarations by an agent may not be admissible against his principal, it is well settled that: "A corporation can only make admissions through its agents, and the admissions of such agents acting within the scope of their powers and about the business of their agency, are admissible." *Imboden v. Etowah &c. Co.,* 70 Ga. 86 (11). *Timeplan Loan &c. Corp. v. Moorehead,* 221 Ga. 648, 650 (146 SE2d 748). See Code §§ 4-315 and 38-406.

The defendant in answer to interrogatories set out that the payment was made solely as a gratuity. Hence, there would be a conflict as to the purpose for which the payment was made and in such circumstances we apply

the rule set forth in Travelers Indemnity Co. v. Erickson's, Inc., 396 F2d 134, 136, and hold that whether the payment was made as a gratuity or as an admission of negligence is a factual issue of substantial controversy which cannot be determined as a matter of law on motion for summary judgment.

The trial judge erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED OCTOBER 7, 1974 — DECIDED JANUARY 21, 1975.

*R. John Genins,* for appellant.

*Wm. Lewis Spearman, Duane B. Jackson,* for appellee.