59018. RHODES v. B. C. MOORE & SONS, INC.

CARLEY, Judge.

While shopping in appellee's retail store in McRae, Georgia, appellant was stung by a bee, yellow jacket or other insect. According to appellant, one of the employees of the store "was in my presence and saw the insect *immediately after I was stung.*" The employee who was present stated, under oath, that prior to the incident she had never observed any bee or other insect inside the store premises and that she was not aware of any previous incident of biting or stinging within the establishment. To the same effect was the affidavit testimony of the store

manager. Appellant has in no way shown or attempted to show the prior existence of insects inside the building or the occurrence of any previous incidents of biting or stinging.

Appellant contends that on two separate occasions she received medical attention for injuries resulting from the sting and that the charges for at least one visit was paid by appellee.

Appellant sued appellee alleging that appellee negligently allowed the bee or other insect to enter appellee's place of business and that the presence of the insect could have been discovered by appellee's agents "by the exercise of ordinary diligence." Appellee filed a motion for summary judgment contending that there were no genuine issues of material fact and that appellee was entitled to judgment as a matter of law. By a very comprehensive opinion-type order, the trial court summarized the undisputed facts, applied controlling authority and granted appellee's motion for summary judgment. From the grant of summary judgment in favor of appellee, this appeal is taken.

1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code Ann. § 105-401. However, an owner or occupier of premises breaches no duty to an invitee if by exercising ordinary care and diligence he could not have discovered and prevented the condition or circumstance that proximately caused the injury. *Home Federal Savings &c. Assn. v. Hulsey*, 106 Ga. App. 171, 172 (126 SE2d 541) (1962). Construing all the evidence in the record most strongly against appellee and in favor of appellant, it is clear that because there had been no previous incidents of insect bites in the store, appellee would have no reason to anticipate the arrival of, presence of or attack by a flying, stinging insect. Thus "in the absence of knowledge of such a danger there was no duty on the part of the proprietor [to take specific steps to prevent the injury by a bee or yellow jacket]." *Williams v. Gibbs*, 123 Ga. App. 677, 678 (182 SE2d 164) (1971). Here, it

clearly appears from the record that there is no actionable negligence. *Raven v. S. S. Kresge Co.,* 140 Ga. App. 799, 800 (232 SE2d 122) (1976); *Tanner v. Ayers,* 150 Ga. App. 709 (258 SE2d 545) (1979).

2. Appellant, however, argues that appellee has — in effect — admitted liability by paying at least one medical bill and authorizing further medical treatment. This contention of appellant is without merit in view of the facts of this case. "This type of activity constituting a voluntary offer of assistance made on the impulse of benevolence or sympathy should be encouraged and should not be considered as an admission of liability." *Gray v. Delta Air Lines,* 127 Ga. App. 45, 53 (192 SE2d 521) (1972).

*White v. Front Page, Inc.,* 133 Ga. App. 749 (213 SE2d 32) (1975), does not require a different analysis of the effect of appellee's partial payment of appellant's expenses. In *White* the plaintiff contended that the defendant's negligence consisted of "allowing the hole in the floor which caused plaintiff's fall to remain and not be repaired." The static condition upon which plaintiff sought to impose occupier's liability in *White* is substantively different from the one-time flight of a bee involved in this case. The rule in *White* that a question of fact exists as to whether a payment is made as a gratuity or as an admission of negligence is not applicable where, as here, under no construction of the factual circumstances could plaintiff establish any negligence of the defendant upon which liability could be predicated.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 8, 1980 — REHEARING DENIED JANUARY 18, 1980.

*Rembert C. Cravey,* for appellant.
*John D. Reeves, Wilson Smith,* for appellee.