## 64742. CHARTER MORTGAGE COMPANY v. AHOUSE.

SOGNIER, Judge.

Jane Ahouse sued Charter Mortgage Company (Charter) for conversion of funds allegedly held by Charter in an escrow account. The jury returned a verdict in favor of Ahouse in the amount of $400 compensatory damages, $25,000 punitive damages, attorney fees and expenses of litigation. Charter appeals.

Ahouse entered into a contract with Wade Construction Company (Wade) for the construction of a house to be financed by Charter. At the closing, Ahouse and Wade signed a separate agreement in which Wade agreed to put $400 in escrow to insure the completion and repair of items listed in the agreement. Phillip Johnson, Charter's closing attorney, prepared the agreement and placed the money in escrow. When Wade failed to make the agreed upon completions and repairs, Ahouse demanded the $400 from Johnson who advised her that he could not give her the money without Wade's approval. Ahouse sued Charter for fraud and conversion and Wade for fraud and breach of contract. Wade was subsequently dismissed from the case by Ahouse.

1. Appellant contends that the trial court erred by admitting into evidence a letter from Charter's attorney (not Johnson) to Ahouse's attorney after suit was filed. The letter states: "On June 26, we offered to settle the above styled case by delivering to you on behalf of your client the sum of $400, which is currently being held by our client pursuant to the agreement between Mrs. Ahouse and Wade Construction Company. After negatively responding to that offer, you informed me that you would talk to your client and propose a counter offer. I would appreciate your informing me of such counter offer." Appellant contends the letter was written with a view toward compromise and was inadmissible.

OCGA § 24-3-37 (formerly Code Ann. § 38-408) provides: ". . . admissions or propositions made with a view to a compromise are not proper evidence." There is a distinction between an offer or proposition to compromise a doubtful or disputed claim, and an offer to settle upon certain terms a claim that is unquestioned. An admission made in an offer to settle will be admissible while one made in an offer to compromise will not be admissible. *Teasley v. Bradley,* 110 Ga. 497, 507 (35 SE 782) (1900); see also Judge Felton's special concurrence in *Swanson v. Hodges,* 96 Ga. App. 540, 543 (101 SE2d 212) (1957); *Broyles v. Haas,* 48 Ga. App. 321, 323 (172 SE 742) (1933). Here we have what appears to be Charter's unsolicited offer to settle for the entire amount allegedly held by Charter. Under the circumstances, Charter's offer to deliver $400 was an offer to settle

and not a proposition to compromise and was admissible. *Campbell v. Mut. Svc. Corp.,* 152 Ga. App. 493, 494 (263 SE2d 202) (1979); *Flannagan v. Clark,* 207 Ga. 345, 348 (61 SE2d 485) (1950); *Williams v. Smith,* 71 Ga. App. 632, 642 (31 SE2d 873) (1944). Absent an effort to compromise, admissions against interest or payments which constitute direct acknowledgment of claims are admissible. *White v. Front Page,* 133 Ga. App. 749 (213 SE2d 32) (1975).

2. Appellant contends that the trial court erred in denying Charter's motions for a directed verdict, new trial or judgment notwithstanding the verdict. Appellant argues that it could not have converted appellee's $400 because it never had the money in its possession, that Johnson was not its agent for the purpose of placing the funds in escrow, and that even if Johnson had acted as Charter's agent in holding the funds in escrow, Ahouse was not the true owner of the property because release of the funds was subject to the joint approval of Ahouse and Wade.

In order to establish a conversion of property under the circumstances, the appellee was required to show that Charter had lawfully gained possession of the property, that title and right of possession of the property was in appellee, that appellee made demand on appellant and that appellant refused to deliver the property. *Farrar Lumber Co. v. Pickering,* 22 Ga. App. 404 (95 SE 1001) (1918); *Buice v. Campbell,* 99 Ga. App. 334, 335 (108 SE2d 339) (1959); *McDaniel v. White,* 140 Ga. App. 118 (230 SE2d 500) (1976).

It is undisputed that attorney Johnson was Charter's agent for closing the transaction and that Johnson agreed to put the money in escrow for Wade and Ahouse. There is no evidence that Johnson's authority was limited by Charter to the extent that he was not authorized to place the money in escrow in order to facilitate the closing. In view of Charter's subsequent admission in its letter of settlement that it was holding the $400, we think the jury was authorized to find that Charter was in possession of the funds through its agent Johnson.

It is also undisputed that Ahouse demanded the $400 from Johnson (Charter's agent) but that Johnson refused to relinquish the money without approval from Wade. The escrow agreement provided that Wade escrow $400 to pay for certain completions and repairs to be done by December 1, 1979. The evidence was in dispute as to what extent the completions and repairs had been accomplished. However, the jury was authorized to find that Wade had not completed the house nor made the repairs to Ahouse's satisfaction by the agreed upon date. Thus, Ahouse was entitled to the funds to pay for the completions and repairs. As escrow agent, Johnson (Charter's agent) was obligated to fulfill the obligations imposed by the escrow

agreement in accordance with the agreement. *Marathon U. S. Realties v. Kalb,* 244 Ga. 390, 392 (260 SE2d 85) (1979). There is nothing in the agreement which indicates that Wade's approval was required in order for Johnson to release the funds to Ahouse. See *Marathon,* supra. Under the circumstances, there was some evidence from which the jury could find that Johnson, as Charter's agent, wrongfully withheld funds to which Ahouse was entitled. It was not error for the trial court to deny appellant's motions for a directed verdict, new trial and judgment notwithstanding the verdict.

3. Appellant also contends that it was error for the trial court to instruct the jury as to punitive damages and expenses of litigation. The trial judge charged: "I charge you in every tort there may be aggravating circumstances either in the act or the intention and in that event the jury may give additional damages to deter the wrongdoer from repeating the trespass. The measure of such damages is for your enlightened consciences as an impartial jury." See OCGA § 51-12-5 (formerly Code Ann. § 105-2002).

We cannot agree with appellant that there was no evidence of aggravating circumstances. Although the evidence did not *demand* such a finding, Ahouse presented some evidence that Johnson acted in bad faith in not releasing the funds to Ahouse when, pursuant to the agreement, she informed him that Wade had not performed to her satisfaction and requested the money. A jury question was presented as to the propriety of an award of punitive damages. *Aquafine Corp. v. Fendig Outdoor Advertising Co.,* 155 Ga. App. 661 (2) (272 SE2d 526) (1980).

Similarly, a jury question was presented as to appellee's bad faith with regard to attorney fees. *Aquafine,* supra; *Smith v. Milikin,* 247 Ga. 369 (276 SE2d 35) (1981). Hence, the trial court did not err in charging the jury on punitive damages and expenses of litigation.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1983 —
REHEARING DENIED FEBRUARY 22, 1983 — 

*J. Barrington Vaught,* for appellant.
*James E. Butler, Jr.,* for appellee.