A99A1779. SCARBROUGH et al. v. HALLAM et al.
(525 SE2d 377)

MCMURRAY, Presiding Judge.

Appellants-plaintiffs Anne Marie Scarbrough and Susan E. Reu brought the instant action for damages against appellees-defendants Rosalie Hallam and Hallam Construction Services, Inc., alleging breach of contract, negligent construction, damages for cost of repairs, fraud, and conversion arising out of renovation work done on their home. The record reveals that the instant action arose under the second of two contracts plaintiffs entered into with the defendants for the renovation of their home. Plaintiffs contend that defendants fraudulently induced them to enter into the second of the contracts which provided for an addition to the rear of their home by

falsely leading them to believe that the useable-space minimum specified by the construction lender, SouthTrust Mortgage Corporation ("SouthTrust"), could be met by removing an inner wall. Additionally, plaintiffs contend that defendants converted a substantial portion of the $11,034 they paid defendants in advance under the second contract — this by means of a draw in the amount of approximately $10,000[1] against such advance not authorized by SouthTrust.

Following a hearing upon cross-motions for partial summary judgment — defendants pertinently seeking Hallam's dismissal from the lawsuit and dismissal of plaintiffs' fraud and conversion claims, plaintiffs seeking summary judgment as to their conversion claim — the superior court issued its order granting summary judgment to defendants and denying summary judgment to plaintiffs. Plaintiffs now appeal. *Held*:

1.
To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

(Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. Plaintiffs contend that the superior court erred in granting

---

[1] The exact amount appears to be $10,000.

summary judgment to defendants for failing to construe Hallam's affidavits in support of defendants' motion for partial summary judgment against her as in conflict with testimony she gave upon being deposed by plaintiffs in violation of the contradictory testimony rule. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680). The superior court's order is silent as to the basis upon which it granted summary judgment to defendants in the case sub judice. Plaintiffs do not support the instant claim of error by reference to the record as to the superior court's alleged misapplication of the contradictory testimony rule. Further, while plaintiffs point to Hallam's affidavits averring that SouthTrust, through John Blakeslee, authorized defendants to take a $10,000 draw against the $11,034 plaintiffs had paid for renovation work under the second contract, they do not point to any testimony in Hallam's deposition as in conflict with that she provided by affidavit. Plaintiffs do correctly note that defendants' counsel conceded conflict between Hallam's affidavits and her testimony upon being deposed insofar as she averred by the former that she made application for the complained-of $10,000 draw through Blakeslee while denying having discussed any draw with him by the latter. This, however, does nothing to advance plaintiffs' duty to make reference to the record as to error in the superior court as alleged. Court of Appeals Rule 27 (c) (3) (i). Neither is the question of whether Hallam obtained authority for the $10,000 draw through Blakeslee material. Rather, the relevant question is whether Hallam denied having such draw authority upon being deposed in conflict with the evidence she provided by her later affidavits. We find none.[2]

Under these circumstances, we need not consider the instant claim of error as it is premised upon unsupported allegations in plaintiffs' brief rather than demonstrated error in the record. In light of the foregoing, we must rely on the presumption of regularity as to the superior court's disposition of the parties' cross-motions for partial summary judgment and assume that the superior court properly granted summary judgment to defendants and denied summary judgment to plaintiffs upon an appropriate consideration of the relevant evidence. *Tanis v. Tanis*, 240 Ga. 718 (1) (242 SE2d 71).

---

[2] In this regard, we have taken the liberty to review the record and find no inconsistency on this issue. "'Whether such testimony is contradictory[ ] and whether a reasonable explanation has been offered [are] question[s] of law for the trial court. (Cits.)' *Worley v. State Farm &c. Ins. Co.*, 208 Ga. App. 805, 807 (432 SE2d 244) (1993)." *Harrison v. Beckham*, 238 Ga. App. 199, 202 (2) (518 SE2d 435). Although Hallam's deposition is unclear as to whether she discussed the $10,000 draw here in issue with Blakeslee, she deposed, as she consistently averred in both her affidavits, that defendants took such draw against the $11,034 plaintiffs paid under the second contract upon authority to do so, crediting plaintiffs' account accordingly.

3. Finally, plaintiffs contend that the superior court erred in granting summary judgment to defendants as to their fraud and conversion claims for material issues of fact remain arising out of defendants' $10,000 draw against the $11,034 plaintiffs paid to defendants for additional renovation work under the second contract. We disagree.

Five elements must be proven in order to establish the tort of fraud:

> (1) a false representation; (2) scienter; (3) intention to induce plaintiff to act or refrain from acting; (4) justifiable reliance by plaintiff; and (5) damage to plaintiff. *Lykins v. Nationwide Mut. Ins. Co.*, 214 Ga. App. 577, 579 (2) (448 SE2d 716) (1994). With regard to the element of scienter, "(t)he gist . . . of an action for damages in tort based on the falsity of representations is that they must have involved actual moral guilt." (Citations and punctuation omitted.) *Bennett v. Clark*, 192 Ga. App. 698, 699 (1) (385 SE2d 780) (1989).

*Jones v. Cartee*, 227 Ga. App. 401, 405 (2) (489 SE2d 141). Plaintiffs contend that they were fraudulently induced to enter into the second contract upon the defendants' false representation that they could remove all of an inner wall to provide the floor space required by the construction loan. However, no evidence was presented by plaintiffs showing that defendants acted with any intent to deceive when the parties entered into the first contract which, in part, called for the removal of such wall. Consequently, plaintiffs failed to prove at least one element of their claim for fraud, and the superior court properly granted summary judgment to defendants thereon for that reason. *Lau's Corp. v. Haskins*, 261 Ga. 491, supra.

Likewise, we conclude that the superior court properly granted defendants summary judgment on plaintiffs' conversion claim for want of evidence that any demand was made of defendants for the return of its $10,000 draw against plaintiffs' $11,034 payment on the second contract. In order to show conversion of their money, plaintiffs were, among other things,[3] required to show that they made demand for its return. *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497, 498 (300 SE2d 328). This plaintiffs did not do in opposition to defendants' motion for partial summary judgment. *Lau's Corp. v. Haskins*, 261 Ga. 491, supra.

---

[3] In addition to proof of demand, the tort of conversion requires proof of demand's refusal, proof that plaintiff lawfully acquired possession of the property, and proof that title and right of possession was in plaintiff. *Charter Mtg. Co. v. Ahouse*, 165 Ga. App. 497, 498 (2) (300 SE2d 328).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 16, 1999.

*Michael B. Butler*, for appellants.
*Misner, Scott & Grate, Steven J. Misner*, for appellees.