## 24601. HARN v. THE STATE.

BROYLES, C. J. 1. "'Whether an article of personalty connected with or attached to realty becomes a part of the realty, and therefore such a fixture that it can not be removed therefrom, depends upon the circumstances under which the article was placed upon the realty, the uses to which it is adapted, and the parties who are at issue as to whether such an article is realty or detachable personalty.' *Wolff* v. *Sampson,* 123 *Ga.* 402 (51 S. E. 335). Where it is doubtful, under all the circumstances, whether the article in question is personalty or is a fixture, the doubt is to be solved by the jury." *Pendley Co.* v. *Hardwick,* 6 *Ga. App.* 114 (64 S. E. 664).

2. Under the foregoing ruling the jury in the instant case was authorized to find, from the evidence, that the sawmill in question was personalty, and not a part of the realty, and that the parts of the sawmill (left on the land of the mother of the plaintiff in error) remained the property

of the owners of the sawmill; and that the plaintiff in error, in removing certain pieces of the machinery of the mill and converting them to his own use was guilty of larceny as charged.

3. The special grounds of the motion for a new trial show no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 26, 1935.

*O. C. Darsey,* for plaintiff in error.
*W. F. Mills, solicitor,* contra.