## 58553. EVANS et al. v. DEKALB COUNTY HOSPITAL AUTHORITY et al.

SMITH, Judge.

This is an action for the recovery of damages based on a claim of medical malpractice. Beverly R. Evans, as widow of the deceased and as administratrix of his estate, brought suit against DeKalb County Hospital Authority, d/b/a DeKalb General Hospital; DeKalb Emergency Group, P.C.; and Theodore B. Rheney, M. D. for the wrongful homicide of her husband and for physical pain and suffering. DeKalb General Hospital was voluntarily dismissed at trial, and the jury returned a verdict in favor of the remaining defendants. Appellant brings this appeal from the trial court's denial of her motion for new trial. We affirm.

1. Willie W. Evans, the deceased, was treated by appellee Dr. Rheney in the emergency room of DeKalb General Hospital at 1 a.m. on October 13, 1975. Mr. Evans complained of a sore throat and difficulty in swallowing. After an examination and tests, Dr. Rheney could find nothing wrong with Mr. Evans, gave him some medication for pain and released him at 3:30 a.m. Mr. Evans appeared to be in some distress when he arrived home approximately 10 minutes later. His wife called an ambulance which took Mr. Evans to the Grady Hospital emergency room where he was admitted at 4:30 a.m. He died there at 5:20 a.m. The autopsy report recited the cause of death as suppurative tonsillitis and peritonsillar edema (extensive swelling of the tonsils and other

throat structures); the death certificate recited the same cause of death. The court admitted the medical examiner's autopsy report after his testimony but refused to admit a certified copy of the death certificate on the grounds the certificate did not comply with the Georgia Post Mortem Examination Act and Code § 88-1701, et seq., and was therefore inadmissible hearsay. Appellant contends that a certified copy of a death certificate is admissible under Code § 88-1724(c) as prima facie evidence of the facts contained therein and that the court erred in excluding it. However, Code § 88-1724(c) is in derogation of the common law and as such must be strictly construed. *Liberty Nat. Life Ins. Co. v. Power,* 112 Ga. App. 547, 550 (145 SE2d 801) (1965).

In this case, the medical examiner at the request of the coroner conducted an autopsy and filed a report in compliance with the Georgia Post Mortem Examination Act, Code Ch. 21-2. The death certificate, apparently based on the medical examiner's report, was completed by the coroner. Therefore, any evidence contained in the death certificate would have been merely cumulative of the same evidence contained in the autopsy report. As that information was already in evidence, the exclusion of the death certificate, even if error, was harmless. *Paulk v. Thomas,* 115 Ga. App. 436 (1) (154 SE2d 872) (1967).

2. During the presentation of her case, in chief, appellant sought to ask her expert medical witness for his opinion as to the factors causing Mr. Evans' death. The expert's knowledge of these factors was based on his having read the autopsy report and certain medical depositions taken in the case. None of this material on which the expert was to base his opinion had yet been admitted into evidence. The court ruled that the expert could not give an opinion as to the cause of death based on such information and also that the expert could not use such information in responding to any hypothetical question he might be asked. The expert was instructed that when responding to a hypothetical question, he was to exclude from his mind all facts except those which might be contained in the hypothetical question. "When . . . an expert is asked to give an opinion on facts not coming within his own knowledge, the question should be hypothetical. [Cit.] 'A scientific expert, who has observed none of the facts for himself, should give his opinion on a hypothetical case similar to that before the jury, and not on the actual case as if he were a juror instead of a witness. [Cits.]' " *Flanagan v. State,* 106 Ga. 109, 113 (32 SE 80) (1898). Appellant's second and third enumerations of error are without merit.

3. During the course of the trial, appellees introduced

testimony tending to show that Mr. Evans could have died from epiglottitis or from a drug reaction rather than from suppurative tonsillitis. Appellant enumerates as error several of the court's charges as to the burden of proof. These enumerations can be summarized as follows: (a) that the court erred in failing to charge the jury that appellees had the burden of persuasion on the question of whether Mr. Evans died of epiglottitis or from a drug reaction; (b) that the court erred in failing to charge that appellees had the burden of proof on any affirmative defense; and (c) that the court erred in charging on the effect of equally balanced evidence. Appellant argues that, by introducing into evidence other possible causes of death, appellees have set up affirmative defenses which place upon them the burden of proof as to those defenses. This contention is without merit.

"It has been stated that the term 'burden of proof' has a dual meaning. 'First, the necessity of establishing the existence of a certain fact or set of facts by evidence which preponderates to a legally required extent . . . or second, the necessity which rests on a party at any particular time during a trial to create a prima facie case in his own favor or to overthrow one when created against him.' [Cits.]" *Richter Bros. v. Atlantic Co.,* 59 Ga. App. 137, 141 (200 SE 2d 462) (1938).

Appellant's enumeration of error relating to the burden of persuasion on the question of whether Mr. Evans died of epiglottitis or from a drug reaction refers to the second meaning of the term "burden of proof." During the presentation of her case, appellant introduced evidence to the effect that the cause of death was suppurative tonsillitis, which was sufficient prima facie to establish such fact, if not rebutted. The burden then shifted to appellees to introduce such evidence as would rebut appellant's contention as to the cause of death. Appellees met this burden by offering testimony to the effect that the cause of death could have been epiglottitis or a drug reaction.

The introduction of appellees' rebuttal testimony did not constitute an affirmative defense. It is only when a party admits the essential elements of a complaint against him and sets up other facts in justification or avoidance that that party has the burden of proving an affirmative defense. *Willis v. Kemp,* 130 Ga. App. 758 (2) (204 SE2d 486) (1974). At no time during the pendency of this matter did appellees admit the truth of any allegation made against them. No affirmative defenses being raised, the court properly declined to so charge.

The court's charge as to the effect of equally balanced evidence,

which followed an instruction to the jury in the statutory language as to the burden of proof by a preponderance of the evidence, was also correct. *Hill v. Hospital Authority,* 137 Ga. App. 633, 637 (224 SE2d 739) (1976).

4. Appellant enumerates as error the court's failure to instruct the jury: "I charge you that if you believe that the deceased, Willie Evans, had any allergic reaction which caused or contributed to his death, this, in and of itself would not automatically absolve the Defendants from liability to the Plaintiff in this case." The trial court did, however, charge the jury as follows: "The fact that treatment results unfavorably does not in and of itself raise a presumption of want of proper care, skill, or diligence." Appellant contends that this charge instructs the jury as to those situations which do not automatically impute negligence to appellees. Therefore, appellant asserts that she is entitled to a charge which instructs the jury as to those situations which do not automatically *absolve* appellees of negligence. We know of no such equal-time requirement.

In addition to the above charge, the court fully instructed on negligence and also on the care and diligence required of a physician, although not in the words of appellant's request. Nonetheless, "if it can be determined that the point at issue was presented in substantially as clear and understandable a manner as that requested, keeping in mind that a jury is a lay audience, there should be no reversal where the language conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation." *Jackson v. Miles,* 126 Ga. App. 320, 322 (190 SE2d 565) (1972).

5. The court instructed the jury: "In an action for malpractice, the law presumes that the medical or surgical services were performed in an ordinarily skillful manner, and the burden of proof is on the Plaintiff to show a want of due care, skill and diligence on the part of the Defendant." Appellant assigns as error the court's refusal to instruct the jury that the above presumption is rebuttable and may be overcome by proof.

The charge is a complete and correct statement of the law. *Hayes v. Brown,* 108 Ga. App. 360, 363 (133 SE2d 102) (1963). Appellant's contention that, on the basis of this charge, the jury could infer that there was a conclusive presumption that a doctor is not negligent is totally without merit. See *George v. McCurdy,* 42 Ga. App. 614 (3) (157 SE 219) (1930).

6. Appellant asserts error in the court's refusal to instruct the jury: "I charge you that in no way was the Plaintiff, Mrs. Evans, or

her deceased Husband, Willie Evans negligent, and you would not be authorized or allowed to consider that either of them were negligent or that they had any fault whatsoever in Mr. Evans' death." This enumeration is without merit as it is not for the court to say what does or does not constitute ordinary or common law negligence. *Bickford v. Nolen*, 142 Ga. App. 256, 264 (235 SE2d 743) (1977). As the charge amounted to an incorrect statement of the law, the court properly refused to so charge.

*Judgment affirmed. Quillian, P.J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 12, 1979 —
DECIDED MARCH 18, 1980 —

*Glenville Haldi, Harold K. Corbin, Gregory T. Jones,* for appellants.

*Hunter S. Allen, Jr.,* for appellees.