## 60119, 60120. AQUAFINE CORPORATION v. FENDIG OUTDOOR ADVERTISING COMPANY; and vice versa.

SHULMAN, Judge.

Plaintiff brought suit in trover seeking to recover certain personal property (billboards) or the equivalent value of that property, which was located on defendant's realty. Plaintiff also sought punitive damages for defendant's alleged wrongful conversion of the personalty, along with attorney fees. Defendant brings this appeal from the judgment awarding plaintiff the billboards in question and punitive damages. On cross appeal, plaintiff asserts error in the trial court's grant to defendant of judgment n.o.v. as to the jury award of attorney fees. We affirm the court's judgment on the main appeal and reverse the judgment on the cross appeal.

1. Defendant complains that the evidence did not authorize the finding that the billboards annexed or attached to his realty constituted removable trade fixtures or personalty. Rather, it asserts, the property was attached to and became part of the realty and thus, as a matter of law, was not subject to an action in trover. We disagree.

"It seems to be well settled that whether fixtures have become attached to the realty as a part thereof, and not merely for incidental, transitory use, depends upon the intention of the parties vested with the ownership or use thereof." *Sawyer v. Foremost Dairy Products,* 176 Ga. 854, 861 (169 SE 115).

" 'Whether an article of personalty connected with or attached to realty becomes a part of the realty, and therefore such a fixture that it can not be removed therefrom, depends upon the circumstances under which the article was placed upon the realty, the uses to which it is adapted, and the parties who are at issue as to whether such an article is realty or detachable personalty.' [Cit.] Where it is doubtful, under all the circumstances, whether the article in question is personalty or is a fixture, the doubt is to be solved by the jury. [Cits.]" *Pendley Brick Co. v. Hardwick & Co.,* 6 Ga. App. 114 (64 SE 664). See also *Harn v. State,* 51 Ga. App. 34 (1, 2) (179 SE 553).

Since, in the case at bar, the status of the billboards was in doubt, the issue was properly submitted for jury determination. In view of the testimony presented at trial to the effect that the billboards were not erected on the realty with the intention of making them a part of the realty; that defendant was aware of plaintiff's agreement with the original owner of the realty (Elliott Robinson, who sold the realty in question to defendant); along with evidence that the billboards could be removed "without essential injury to the freehold" (see in this regard *Babson Credit Plan, Inc. v. Cordele Production Credit Assn.,* 146 Ga. App. 266, 268 (246 SE2d 354), citing *Wade v. Johnston,* 25 Ga.

331, 336), we conclude that the jury was authorized to find that the billboards in question were removable personalty and not a part of the realty. This being so, defendant's assertion that the evidence did not warrant the verdict in this regard is not meritorious.

2. Nor can we agree that there was no evidence to authorize the award of punitive damages. Although the evidence clearly did not *demand* such a finding, plaintiff did present evidence of "aggravating circumstances" (e.g., the defendant's bad faith), raising a jury question as to the propriety of an award of punitive damages. Inasmuch as Code Ann. § 105-2002 "authorizes a jury in a tort action where there are aggravating circumstances to award additional or punitive damages" (*Sisk v. Carney,* 121 Ga. App. 560 (5) (174 SE2d 456)), defendant's contentions of error on the award of such damages do not present grounds for reversal.

3. On cross appeal, cross appellant (plaintiff below) asserts as error the trial court's grant of defendant's motion for judgment n.o.v. with regard to the jury's award of attorney fees. Since, as stated in Division 2, plaintiff presented evidence of defendant's bad faith (see *Ponce de Leon Condominiums v. DiGirolamo,* 238 Ga. 188 (232 SE2d 62)), and since attorney fees are recoverable in an action in tort (*Jones v. Spindel,* 122 Ga. App. 390 (3) (177 SE2d 187)), a jury question was presented, and, therefore, the court's grant of defendant's motion for judgment n.o.v. was error. *Joyner v. William J. Butler, Inc.,* 143 Ga. App. 219 (1) (237 SE2d 685). Consequently, the judgment of the trial court, on cross appeal, must be reversed.

*Judgment affirmed in Case No. 60119. Judgment reversed in Case No. 60120. Quillian, P. J., and Carley, J., concur.*

ARGUED JULY 10, 1980 — DECIDED
SEPTEMBER 9, 1980.

*Neal G. Gale, John W. Davis,* for appellant.
*John M. Gayner, III,* for appellee.