## 38879. VAUGHN v. THE STATE.

HILL, Presiding Justice.

Junior Vaughn and his wife, Helen Vaughn, were indicted for the murder of Ray Gene Oglesby. They were tried separately and each was convicted of murder. We affirmed Helen Vaughn's conviction, *Vaughn v. State,* 247 Ga. 136 (274 SE2d 479) (1981), but reversed her husband's because his written confession was admitted in violation of Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). *Vaughn v. State,* 248 Ga. 127 (281 SE2d 594) (1981). Junior Vaughn was retried and again convicted of murder and sentenced to life in prison. The state contended that Mr. and Mrs. Vaughn, employees of Ray Oglesby, murdered Oglesby by putting arsenic in his beer.

In the appeal, Junior Vaughn enumerates a single error: "[T]hat the trial court erred in permitting the state's attorney to ask a

hypothetical question of an expert witness whom the state had called in that said hypothetical question was based on facts not in evidence at that time nor were these facts placed in evidence subsequently thereto."

The testimony at issue is that of Dr. Richard Staiman, the pathologist who performed the autopsy on the victim. Dr. Staiman testified that during the autopsy, he removed tissues from the victim's body and sent them to the State Crime Lab for toxicology studies, and that he received a report on the studies. Omitting questions rephrased due to objections, the following testimony was elicited. The district attorney asked: "Did you receive a report from the Georgia State Crime Laboratory?" "I did." "Did that report indicate that the tissues sent to them by you contained arsenic?" "It did." "Based on that report, assuming that it's correct, Dr. Staiman, do you have an opinion as to what caused the death of Ray Gene Oglesby?" At that point the defendant objected, arguing that an expert witness cannot base his opinion on hearsay and that the fact that the lab reports showed the presence of arsenic was not in evidence except by way of hearsay testimony by Dr. Staiman himself. After the objection was overruled, the district attorney resumed examination of the witness: "After submitting the tissue to the State Crime Laboratory, you indicated by your testimony, that you received a report. The report indicated that there were quantities of toxic substances in the tissue, is that correct?" "Yes." "Now, based upon the report of the State Crime Laboratory and on the autopsy that you performed, do you have an opinion as to what caused the death of Ray Gene Oglesby?" "Yes." "What would your opinion be?" "It's my opinion that he died of acute arsenic poisoning."

Later in the trial, William Wall, the forensic toxicologist and employee of the State Crime Laboratory whose tests conducted on the victim's tissues formed the basis of the State Crime Laboratory's report, testified that he found significant levels of arsenic in the tissues. Thus the facts which composed the question put to Dr. Staiman were introduced into evidence, albeit after Dr. Staiman had testified.

This issue has previously been decided in a case which also involved arsenic poisoning. In *Gossett v. State,* 203 Ga. 692 (7) (48 SE2d 71) (1948), a doctor who qualified as an expert was asked whether, assuming the toxic changes in the victim were caused by arsenic, it was possible or probable that the arsenic was ingested by mouth or taken intraveneously. His answer, which was objected to, was that: " 'From what I saw, assuming, according to your hypothetical question, that it was arsenic poison, I would say that it was ingested, definitely.' " Id. at 694. This Court held that assuming

that the question was subject to the objection made when it was asked, any error was later cured when another witness testified that in examining the victim's body, he found large concentrations of arsenic, especially in the stomach. Therefore this enumeration of error is without merit. *Gossett v. State,* supra; Code Ann. § 38-1710.

The defendant relies on *Evans v. DeKalb County Hospital Auth.,* 154 Ga. App. 17 (2) (267 SE2d 319) (1980). In *Evans,* the trial court ruled that an expert medical witness could not give an opinion on the cause of death based on an autopsy report and medical depositions that had not yet been admitted into evidence. That ruling was correct. However, where the trial court allows the question, as was done here, the later introduction of the evidence on which the hypothetical question is based cures the error. *Gossett v. State,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

*Michael J. Moses,* for appellant.
*H. Reginald Thompson, District Attorney, Richard A. Malone, Acting District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.