66179. UNITED FEDERAL SAVINGS & LOAN ASSOCIATION OF WAYCROSS v. CONNELL.

DEEN, Presiding Judge.

In 1979 appellant made a construction loan of $51,200 to a building contractor with whom it had had dealings for a number of years. The loan was secured by a deed to secure debt, couched in standard language. In 1980 the builder contracted with appellee, with whom he had previously dealt, to make and install cabinets for the kitchen and bathrooms. While under construction the house was kept unlocked at all times so that workmen and sub-contractors might come and go as needed. In November 1980 appellee submitted to the builder a bill for about $2,300 for the cabinets, which had been placed in the house but only partially installed, and on which the finish work had not yet been done. At no time did appellee file a mechanic's or materialman's lien on the cabinets.

In the spring of 1981 the builder defaulted on his loan, and appellant prepared to foreclose. At about the same time appellee, who had not been paid for the cabinets, learned of the builder's financial difficulties. Since the latter had made no response to appellee's reminders that payment for the cabinets was past due, appellee went to the unlocked house and physically removed the cabinets. Upon inspecting the house in connection with the foreclosure, appellant discovered that the cabinets had been removed and demanded that appellee replace them. When appellee did not do so, appellant contracted with another cabinet man to construct and install cabinets, and sued appellee for the amount of the second

sub-contractor's bill, or approximately $3,000.

At trial there was conflicting evidence regarding such issues of material fact as the degree, if any, to which the cabinets had been installed in the house; whether appellee learned of the builder's financial status before or after appellant foreclosed; whether the cabinets were removed before or after the foreclosure; and whether removal of the cabinets damaged the house, and if so, to what extent. There was considerable testimony offered on such issues as the relationship between appellant's perfected security interest in the realty and appellee's interest in the cabinets, and whether appellee had retained actual or constructive possession, if either, of the unpaid-for cabinets while they were physically located in the house.

In addition to the usual instructions appropriate in such a proceeding, the court instructed the jury on liens, security interests, priorities among creditors, and the distinction between real and personal property. Appellant objected to this last instruction. The jury found for the defendant. Plaintiff-appellant, having previously moved for summary judgment and for a directed verdict, moved unsuccessfully for judgment notwithstanding the verdict or a new trial. On appeal he enumerates as error the court's denial of his motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial, alleging the general grounds. He further assigns as error the court's instruction on the distinction between realty and personalty. *Held:*

1. Appellant's enumeration of the general grounds is without merit. Conflicting testimony was offered at trial; therefore, neither a directed verdict nor judgment notwithstanding the verdict was appropriate. OCGA § 9-11-50 (Code Ann. § 81A-150). Evidence that strongly supports but does not demand a particular verdict does not warrant a directed verdict. *Walnut Equip. Leasing Co. v. Williams,* 159 Ga. App. 679 (285 SE2d 54) (1981); *Barber v. Atlas Concrete Pools,* 155 Ga. App. 118 (270 SE2d 471) (1980). The standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard. *Dept. of Human Resources v. Montgomery,* 248 Ga. 465 (284 SE2d 263) (1981). Since there was some evidence supporting appellee's assertions, disputed issues were created which were properly submitted to the jury. *Barber v. Atlas Concrete Pools,* supra at 119; *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578, 583 (260 SE2d 523) (1979); *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522) (1976).

The standard for granting or denying a judgment notwithstanding the verdict is the same as that for a directed verdict. *Russell v. State,* 155 Ga. App. 555 (271 SE2d 689) (1980). Moreover, in considering a motion for judgment n.o.v., the trial court must view

the evidence in the light most favorable to the party who has secured the jury verdict. *Bryant v. Colvin,* 160 Ga. App. 442 (287 SE2d 238) (1981). We hold, therefore, that the trial court did not err in denying appellant's motions for a directed verdict and judgment notwithstanding the verdict, or in denying the motion for a new trial.

2. The challenged jury instruction correctly states settled Georgia law. The record discloses that the court instructed the jury as follows: "I charge you that whether an article of personalty connected with or attached to realty becomes a part of the realty and therefore such a fixture that it cannot be removed therefrom, depends upon the circumstances under which the article was placed upon the realty, the uses to which it is adapted and the parties who are at issue as to whether such an article is realty or detachable personalty. Where it is doubtful, under all the circumstances, whether the article in question is personalty or is a fixture, the doubt is to be solved [sic] by the jury." Compare the *verbatim* statement in *Aquafine Corp. v. Fendig Outdoor Advertising Co.,* 155 Ga. App. 661 (272 SE2d 526) (1980). See also *Harn v. State,* 51 Ga. App. 34 (179 SE 553) (1935); *Pendley Brick Co. v. Hardwick & Co.,* 6 Ga. App. 114 (64 SE 664) (1909). This enumeration is also without merit.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 19, 1983.

*Neal L. Conner, Jr.,* for appellant.
*George H. Wynn,* for appellee.