74126. DAVIS et al. v. GLAZE.
74128. CLAYTON COUNTY HOSPITAL AUTHORITY v. GLAZE.
74129. MEDICAL PLASTICS, INC. v. GLAZE.
(354 SE2d 845)

DEEN, Presiding Judge.

Appellee Kory A. Glaze, infant son of Kirby and Deborah Glaze, was severely burned as the result of the malfunction of an electrocautery grounding pad during the course of a tonsillectomy-adenoidectomy performed by appellant M. Edwin Davis, M.D., P.C. (known hereinafter as "Davis" or "Dr. Davis"), in facilities owned and operated by appellant Clayton County Hospital Authority (hereinafter referred to as "the hospital" or "the hospital authority"). The evidence showed that the pad, manufactured by appellant Medical Plastics, Inc. ("M.P.I."), was placed on the child's thigh for the purpose of grounding the electrical current used in the operation; that it underwent a chemical reaction which caused it to fail to perform its designated function properly; that the malfunction was due to a defect in the product; and that the malfunction of the grounding pad, allegedly in combination with negligent acts or omissions on the part of Davis or the hospital or its agents, was the proximate cause of the injury. The child's burns extended to subcutaneous tissue as well as to the skin immediately adjacent to the pad, necessitating surgery. He has a large, disfiguring scar which remains painfully dry and tender, and further surgery will be required as he grows and the tissue is stretched.

Kory, by his parents as next friends, brought a malpractice action against Davis and the hospital authority, and an action for negligence and products liability against M.P.I. Davis and the hospital authority cross-claimed against M.P.I. for indemnity on the theory of active-passive negligence.[1] Expert testimony was introduced regarding the cause and manner of the malfunction of the pad and regarding possibly negligent acts or omissions by Davis in allegedly failing to examine the pad or to order it replaced, and by hospital staff in allegedly failing to adequately examine or properly position the pad or to replace it when there were indications of malfunction. A Clayton County jury found for plaintiff/appellees against all three defendants, the court having overruled the defendants' motions for mistrial, directed verdict, and judgment notwithstanding the verdict. Kory A. Glaze was awarded $225,000; Kirby Glaze was awarded $35,000, which the court ordered reduced to $5,205.15, the amount of special damages which he had sought. On the cross-claim a verdict was entered in favor of Davis and Clayton County Hospital Authority, M.P.I. being

---

[1] Kirby Glaze also brought an action in his own right, seeking special damages of $5,205.15.

ordered to indemnify the co-defendants.

All three defendants appealed from the judgments in favor of the Glazes, and M.P.I. also appealed from the judgments in favor of Davis and the hospital on the cross-claim.[2] Davis enumerates as error (1) the trial court's denial of his motion for judgment notwithstanding the verdict; (2) the denial of his motion for mistrial on the basis of plaintiff's counsel's allegedly prejudicial remarks during closing argument; (3) the giving of a certain jury charge requested by the hospital authority; and (4) the court's response to the jury's question regarding apportionment of the verdict. The hospital assigns error to the trial court's denial of its motions for mistrial (4, 5), directed verdict (1), judgment notwithstanding the verdict (1), and new trial (2); the court's permitting a nurse in the hospital's employ at the time of the Glaze surgery to give deposition testimony without having hypothetical questions propounded to her (3) and, after allegedly commenting on this evidence, refusing to order a mistrial or give curative instructions (4); and (6), the court's giving the jury an allegedly erroneous instruction regarding apportionment of damages. M.P.I. enumerates as error the trial court's denial of its motions for mistrial on the basis of the same closing remarks assigned as error by appellant Davis, supra (2); the denial of its motions for partial directed verdict on the negligence and strict liability issues (3), for directed verdict on the cross-claim (9), and for new trial on the ground of an allegedly excessive verdict (8); the court's improperly admitting into evidence allegedly extraneous material for impeachment purposes (1) and an allegedly inflammatory photograph (4); and the failure to give three requested jury instructions (5, 6, 7). *Held*:

1. First addressing Dr. Davis' enumerations of error, we find that the trial court correctly denied Davis' motion for judgment notwithstanding the verdict. Under OCGA § 9-11-50 (b), such a motion can properly be granted only when the evidence demands a verdict contrary to that returned by the jury. *Pendley v. Pendley*, 251 Ga. 30 (302 SE2d 544) (1983); *Mercer v. Woodard*, 166 Ga. App. 119 (303 SE2d 475) (1983). If there is no evidence to support the jury's verdict, a grant of judgment n.o.v. is proper. *Ford Motor Credit Co. v. Parsons*, 155 Ga. App. 46 (270 SE2d 230) (1980). In the instant case, however; there was competent evidence in the form of deposition testimony of an expert witness, an experienced surgeon and medical school faculty member, on the issue of whether Davis exercised that degree of care and skill required of a physician. OCGA § 51-1-27. The testimony included specific statements as to the education, training, and relevant experience of the deponent; details of the surgery under

---

[2] The Glazes also filed an appeal (Case No. 74127) but subsequently withdrew it.

review; and an account of the documentary evidence on which the deponent's expert opinion was based. See OCGA §§ 9-11-31; 9-11-32. On motion for judgment n.o.v., the evidence is to be construed most favorably to the non-movant: here, the Glazes. *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154 (256 SE2d 916) (1979).

As to Dr. Davis' contention that the expert testimony was inadmissible because the deponent's opinion was not elicited through the use of hypothetical questions, this court has held otherwise. See, e.g., *Jones v. Ray*, 159 Ga. App. 734 (285 SE2d 42) (1981); *Finley v. Franklin Aluminum Co.*, 132 Ga. App. 70 (207 SE2d 543) (1974). See also *Vaughn v. State*, 249 Ga. 803 (294 SE2d 504) (1982). Moreover, OCGA § 9-11-32 (d) requires that objection to the form of questions asked on deposition be made at the time of the deposition. This enumeration is without merit.

2. The allegedly objectionable remarks made by plaintiffs' counsel during closing argument alluded to the fact that the pediatrician who cared for Kory's burns had been born in Korea and had received his training in that country rather than in the United States, and that as a consequence he suffered some disadvantage in communicating with native speakers of English. Appellant Davis contends that such remarks were racially biased and therefore improper in that they were calculated to enlist the sympathy of a fellow Asiatic, a woman of Japanese origin who was serving as a juror.

Examination of the record reveals no evidence that there was any connection between the alleged appeal to a purported pan-Asian sentiment and the jury's verdict and that even if, *arguendo*, there had existed such a connection, it would have been so tenuous as to make it " 'highly probable that the [alleged] error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Moreover, appellant overlooks the historical fact that relations between Japan and Korea have for the most part been so hostile that any appeal to a national of one country for sympathetic treatment of a national of the other country would likely have just the opposite effect from that alleged by appellant. While gratuitous, the challenged remarks could hardly have been harmful to appellant. This enumeration is also without merit.

3. The jury instruction requested by appellant hospital and challenged in Dr. Davis' third enumeration of error is a correct statement of relevant law as adjusted to the facts of the instant case. The "borrowed servant" doctrine provides that, once the surgeon enters the operating room and takes charge of the proceedings, the acts or omissions of operating room personnel, and any negligence associated with such acts or omissions, are imputable to the surgeon. *Reed v. Adventist Health Systems/Sunbelt*, 181 Ga. App. 750 (353 SE2d 523) (1987); *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414 (336 SE2d

268) (1985); *Swindell v. St. Joseph's Hosp.*, 161 Ga. App. 290 (291 SE2d 1) (1982). This enumeration has no merit.

4. The trial transcript reveals that the jury, in the course of its deliberations, submitted the following written question: "May the award be apportioned in this suit, in an unequal manner[,] or must this be decided in the cross suit?" In reply, the court gave the following instruction: "[T]he only thing you have before you at this stage of the proceedings is the issue of total damages, if any. Your job now is . . . to see if you find any [damages], what the total damages are, if any, to find out also which of these defendants are liable, if any. The issue of the cross-complaint will be taken up after you decide those two issues. The only two things you are concerned about right now are which defendants are liable, if any, under the instructions that I gave you, and what the total amount of damages are [*sic*]. Then we will decide and come back to the issue on the cross complaint, the other issues. Does that answer your question, do you think?" The foreperson replied, "Yes, sir," and the jurors returned to the jury room.

We find nothing improper or prejudicial in the trial court's reply to the jurors' question. This enumeration is without merit.

5. Next considering the hospital authority's enumerations of error, we find its first, second, and third enumerations to be without merit for the same reasons that we found appellant Davis' first enumeration to have no merit. See Division 1, supra; see also OCGA § 9-11-50; *McClure v. Clayton County Hosp. Auth.*, supra.

6. The hospital authority next assigns error to the trial court's denial of its motion for mistrial when, in response to a question as to whether he had paid for the testimony of expert witnesses, Kirby Glaze volunteered the amount he had paid. Scrutiny of the transcript reveals that when this occurred, the trial court admonished the witness and issued appropriate curative instructions to the jury, thereby obviating any reason for declaring a mistrial. The transcript further reveals that at various times during the trial all three of the appellants elicited from witnesses information about the payment of witnesses' fees. "Where evidence of a certain fact is admitted without objection, it is harmless error if incompetent or inadmissible evidence of the same fact is also admitted." *Glass v. Lowery*, 168 Ga. App. 153 (308 SE2d 616) (1983); *Converse v. O'Keefe*, 148 Ga. App. 675 (252 SE2d 92) (1979). We find this enumeration of error devoid of merit.

7. As with Dr. Davis' fourth enumeration of error, and for the same reasons, we find appellant hospital's sixth enumeration to be without merit. See Division 4, supra.

8. We turn now to consideration of the enumerations of appellant M.P.I. This appellant first assigns error to the trial court's permitting plaintiffs' counsel, during cross-examination of M.P.I.'s repre-

sentative, to introduce allegedly irrelevant matters for the purpose of impeachment. Specifically, appellant challenges on several grounds the manufacturer's representative's being cross-examined with regard to a warning issued by the Emergency Care Research Institute concerning a hazard associated with a M.P.I.-manufactured pre-gelled pad similar to that used during the Glaze surgery. Our examination of pertinent portions of the record constrains us to reiterate that " '[q]uestions of relevancy of evidence, which includes the issue of materiality, are for the [trial] court, and in the absence of an abuse of judicial discretion, this court will not interfere . . . (B)road discretion is reposed in the trial court[,] whose decision will not be disturbed except in cases demonstrating a clear abuse of that discretion.' " *Metro. Property &c. Ins. Co. v. Shepherd*, 166 Ga. App. 300, 301 (304 SE2d 74) (1983); accord *Pound v. Medney*, 176 Ga. App. 756 (337 SE2d 772) (1985). See generally OCGA § 24-2-1 and annots.

9. This appellant's second enumeration of error pertains to the trial court's denial of a motion for mistrial based on the same allegedly prejudicial or racially biased remarks as those challenged in Dr. Davis' second enumeration of error. We find that enumeration to be without merit for the reasons set forth in our discussion in Division 2, supra.

10. We find without merit appellant M.P.I.'s third enumeration of error concerning the trial court's denial of its motion for partial directed verdict on the strict liability and negligence issues, with particular respect to the manufacturer's failure to label the pad or pads as to date or lot number. Pretermitting consideration of the issue M.P.I. raises as to whether the trial court may properly grant a directed verdict in piecemeal fashion on one of several incidents alleged to be comprised in the counts of negligence and strict liability, we conclude, on the basis of our scrutiny of the record, that appellant has in any case not met the requirements for directed verdict set forth in OCGA § 9-11-50. Subsection (a) of this statute requires that, in order for a directed verdict to be warranted, the evidence must demand a particular verdict; i.e., that desired by the movant. The standard for appellate review of the denial of the motion for directed verdict is the "any evidence" standard. *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329 (304 SE2d 131) (1983). Applying this standard, we find that in the instant case the evidence falls far short of demanding a verdict for the movant.

11. This appellant next enumerates as error (#4) the admission of an allegedly inflammatory photograph showing Kory's burns. The trial transcript indicates that this photograph was admitted for the limited purpose of illustrating the necessity and the method of performing a reconstructive surgical procedure known as a "Z-plasty" at the burn site. In a civil action the trial court has the discretion, in

ruling on the admissibility of evidence, of weighing the evidence's probative value against its possibly prejudicial effect. Absent abuse, that discretion will not be disturbed by the appellate court. *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331 (319 SE2d 470) (1984). Since we find no abuse of discretion here, this enumeration is also without merit.

12. In its fifth, sixth, and seventh enumerations of error, M.P.I. challenges the trial court's failure to give certain requested jury instructions, numbered in the record as 9, 12, and 28. Request No. 9 states that the manufacturer has no duty to warn of potential dangers from an unanticipated use of the product; it pertains to this appellant's argument that operating room personnel used the electrocautery pad in a manner not conforming to the manufacturer's instructions. Examination of the transcript shows that the principle embodied in the requested instruction was covered by the court's charge to the jury, although not in precisely the language of the request. If the substance of a properly requested and appropriate instruction is given in the jury charge as a whole, the court is under no obligation to employ the exact language requested. *Hand v. Hand*, 244 Ga. 41 (257 SE2d 507) (1979). As with appellant's requested jury charge No. 9, the substance of No. 12 was given elsewhere in the court's charge to the jury. As to appellant's enumeration concerning the court's failure to give an instruction regarding the cautious credence to be accorded an admission by a party (No. 28), the transcript reveals that the court declined to give this instruction on the basis that it was a correct statement of the law only with respect to out-of-court statements, *not* admissions made *in judicio*. In the instant case a M.P.I. representative acknowledged in open court that the pad was defective. Therefore, to have given the requested charge would have been improper. None of these three enumerations has merit.

13. In its penultimate enumeration of error, M.P.I. asserts that the verdict was excessive as a matter of law. As a general rule, the size of the award for damages in a case such as this is left to the enlightened conscience of impartial jurors, subject to approval of the trial court. *Jones v. Spindel*, 122 Ga. App. 390 (177 SE2d 187) (1970). The appellate court will not disturb the award " 'absent an award so excessive or inadequate as to shock the judicial conscience.' " *Seaboard System R. v. Taylor*, 176 Ga. App. 847, 849 (338 SE2d 23) (1985); OCGA § 51-12-12. "Before the verdict will be set aside on the ground that it is excessive, . . . the amount thereof, when considered in connection with all the facts, must shock the moral sense . . . It must carry its death warrant upon its face." *Realty Bond &c. Co. v. Harley*, 19 Ga. App. 186, 187 (91 SE 254) (1917).

Despite appellant's assertions that Kory's injury was of relatively

minor consequence and that the trial was permeated with prejudicial remarks and inferences, our examination of the record persuades us that, "when considered in connection with all the facts," the jury award was not such as to "shock the moral sense." *Realty Bond &c. v. Harley*, supra. This enumeration, too, is without merit.

14. As its final enumeration of error, M.P.I. cites the trial court's failure to grant appellant's motion for directed verdict on the cross-claim for indemnification on the theory of active-passive negligence. As we pointed out in Division 10, supra, denial of a motion for directed verdict is not improper when the evidence does not demand a particular verdict. OCGA § 9-11-50 (a); *Government &c. Ins. Co. v. Presley*, 174 Ga. App. 562 (330 SE2d 779) (1985); *Findley v. McDaniel*, 158 Ga. App. 445 (280 SE2d 858) (1981). Questions of negligence, including those seeking to distinguish between active and passive negligence, are ordinarily for the jury. *Jova/Daniels/Busby v. B & W Mech. Contractors*, 167 Ga. App. 551 (307 SE2d 97) (1985); *Peacock Constr. Co. v. Montgomery Elevator Co.*, 121 Ga. App. 711 (175 SE2d 116) (1970). The evidence in the case *sub judice* did not demand a directed verdict, and we will not disturb the finding of the jury. This final enumeration of error is without merit.

15. Plaintiff/appellees petitioned this court for an order requiring M.P.I. to post supersedeas bond in the amount of $303,870.80. Finding appellees in compliance with the provisions of OCGA § 5-6-46, we have remanded the motion to the trial court for a hearing on the amount of the bond.

*Judgments affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 20, 1987 —
REHEARING DENIED MARCH 3, 1987 —

*Michael G. Frick*, for Davis.
*Patrick J. Fox, Billy E. Moore, Irwin W. Stolz, Jr., Seaton Purdom*, for Glaze.
*W. H. Duckworth*, for Hospital Authority.
*Tommy T. Holland, Anthony J. McGinley*, for Medical Plastics.